The opinion of the Court was delivered by
Glover, J.
The Act of 1844, (11 Stat. 290) provides, “ that in case any garnishee shall neglect or refuse to make the returns required by law, upon motion being made in open Court, after at least two days’ notice thereof, judgment shall be entered against the said garnishee according to the provisiofts of the attachment law,” &c. By the Act of 1744, (3 Stat. 616,) the garnishee is required to appear at the return of the writ, or at farthest during the sitting of the Court next after such return, and for default of appearing, or discovering what monies, &e., he has in his possession or power, judgment shall be given against him.
It has been insisted, in argument, that the language employed is imperative and admits the exercise of no discretion on the part ' of the Court in permitting a defaulting garnishee to make his réturn, under any circumstances, after the time limited for that purpose. For a construction of the Act of 1744, it is only necessary to refer to the case of Green vs. McDonnell, (1 Bail. 304,) which decided that the neglect of the garnishee must be wilful and that the Court would determine, from all the circumstances, whether the degree of negligence had been such as would or would not excuse the default. This construction was afterwards re-affirmed in the case of Hunter & Brown vs. Andrews, 2 Sp. 73.
The garnishees in this case had discovered and returned, in *126 other attachments which had been issued against the absent debtors, all the monies, goods, chattels, debts, or books of account in their possession or power, and denied all recollection of notice in the case of the plaintiffs. It is manifest that their negligence was not wilful, and great injustice would be done if judgment should be rendered against the garnishees.
This Court is satisfied with the order made by the circuit Judge and the motion is dismissed.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion dismissed.